UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TERRANCE ECHOLS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 23-650 (KM) (ESK) |
| v. | : | |
| | : | |
| OFFICER A. ANDERSON, | : | **OPINION** |
| | : | |
| Defendant. | : | |

**KEVIN MCNULTY, U.S.D.J.**

Plaintiff Terrance Echols, a prisoner incarcerated at New Jersey State Prison in Trenton, New Jersey, seeks to commence a lawsuit pursuant to 42 U.S.C. § 1983. Echols's complaint alleges that the defendant, a correctional officer identified in the complaint as "Officer A. Anderson," subjected him to unconstitutionally excessive force when she sprayed him with a chemical agent commonly referred to as "pepper spray." DE 1. In a previous order (DE 6), I granted Echols's motion to proceed *in forma pauperis* and noted that the complaint would be screened in due course. Having now screened the complaint, I will permit it to proceed, for the reasons given below.

    **A. Factual Allegations**

For screening purposes, I accept the well-pleaded, plausible allegations in the complaint (DE 1) as true. The complaint alleges as follows.

Echols (who, as noted, is currently at New Jersey State Prison) was imprisoned at Northern State Prison in Newark, New Jersey, during the events in question. DE 1 at 1. On January 15, 2022, Echols's "section" was "let out for the dinner movement." *Id.* ¶ 6. Echols filled his cup with water and, while on the way back to his cell, stopped to speak with someone

named "Monty," who, Echols alleges, was his "Wing Rep." *Id.* ¶¶ 7–8. While he was speaking with Monty, Anderson walked by and "began to shout something" that was "unintelligible due to the wearing of a mask covering her mouth." *Id.* ¶ 9. Echols told Anderson that he could not understand her and asked her to remove her mask. *Id.* ¶ 10. He then proceeded to his cell and continued his conversation with Monty. *Id.* ¶ 12.

While he was talking with Monty, Anderson "started doing her unit rounds." *Id.* ¶ 13. After some time had passed, Anderson interrupted Echols's conversation with Monty and stated that she felt that Echols had "disrespected" her when he asked her to remove her mask. *Id.* ¶ 17. Echols replied that he had not intended to be disrespectful, but nonetheless offered an apology. *Id.* ¶ 18. Anderson then threatened to "fire" Echols from his job in the prison's kitchen, and Echols replied that he did not care about the job. *Id.* ¶¶ 19–20. Anderson then entered Echols's cell and threatened to send him to "lock up." *Id.* ¶ 26. Echols replied that being sent to lock up would not bother him; Anderson then said the words "Code 33" into her walkie-talkie and pepper sprayed Echols in the eyes and face. *Id.* ¶¶ 27–28. While being pepper sprayed, Echols swung wildly and struck Anderson with his fist; an "extraction team" then arrived and escorted Echols to the prison's medical unit. *Id.* ¶¶ 29–30. Echols alleges that the events described above were captured on video, but did not submit a copy of the video. *Id.* ¶ 34.

Echols alleges that the application of pepper spray was unconstitutionally excessive and violated various constitutional provisions. *Id.* ¶ 42. He seeks a declaration that Anderson's actions violated his constitutional rights; an injunction requiring Anderson "to be held accountable"; and compensatory and punitive damages. *Id.* ¶¶ 47–50.

### B. Standard of Review

District courts are required to review complaints in civil actions filed by prisoners, *see* 28 U.S.C. § 1915A(a), and to dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### C. Section 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a claim for excessive force, a plaintiff must allege plausibly that an official's acts resulted in "unnecessary and wanton infliction of pain." *See Whitley v. Albers*, 475 U.S. 312, 320 (1986). The central question will be "whether force was applied in a good faith effort to maintain order or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320–21; *see also Drumgo v. Radcliff*, Sgt., 661 F. App'x 758, 760 (3d Cir. 2016). The court must consider several factors, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000).

The use of a chemical agent such as mace or pepper spray may or may not constitute excessive force. If "mace, tear gas, or other chemical agent[s]" are reasonably necessary "to prevent riots or escape or to subdue recalcitrant prisoners," the use of such agents would not constitute excessive force or cruel and unusual punishment. *Leaphart v. Campbell*, No. 21-1293, 2023 WL 4276463, at *12 (M.D. Pa. June 29, 2023) (collecting authorities). On the other hand, "it is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." *Id.* (cleaned up); *see also Robinson v. Danberg*, 673 F. App'x 205, 211–12 (3d Cir. 2016) (explaining that inmate's claim that he was "maced" while he posed "no imminent threat" and for no "legitimate penological reason" could result in factfinder determining that force was more than de minimis and unconstitutional).

Here, construing Echols's complaint liberally and giving him the benefit of reasonable inferences drawn from his well-pleaded factual allegations, he alleges that Anderson pepper sprayed him in the face and eyes while he was in his cell talking to another inmate not for any legitimate penological reason but because she felt that Echols had disrespected her earlier when he asked her to remove her mask. It is of course possible that the evidence will contradict Echols's allegations, or establish that the use of pepper spray was reasonable and justified under the circumstances. But at this early screening stage of the litigation, Echols has stated an excessive force claim, and the complaint will thus be permitted to proceed. The defendant will be directed to respond to the complaint. An appropriate order follows.

DATED:  July 12, 2023

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge