<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TERRANCE ECHOLS,<br><br>              *Plaintiff,*<br><br>       v.<br><br>OFFICER A. ANDERSON, *et al.,*<br><br>              *Defendants.* | Civil Action No. 23-650 (JKS) (SDA)<br><br>**OPINION**<br><br>July 27, 2026 |

**THIS MATTER** comes before the Court on the Motion for Leave to File an Amended Complaint ("Motion") Plaintiff of Terrance Echols, a state prisoner proceeding *pro se* and *in forma pauperis*.  (ECF No. 27.)  Because Plaintiff proceeds *in forma pauperis*, the Court screens the proposed Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

For the reasons below, Plaintiff's Motion is **GRANTED**.  Upon screening, Plaintiff's Eighth Amendment excessive force claim against Defendant Officer A. Anderson may proceed.  All remaining claims are dismissed without prejudice for failure to state a claim.

## I.      BACKGROUND

Plaintiff commenced this action on February 6, 2023.  (ECF No. 1.)  After Plaintiff cured the filing fee deficiency and was granted leave to proceed *in forma pauperis*, the Court screened the original complaint pursuant to the Prison Litigation Reform Act ("PLRA").  (ECF Nos. 6-8.)  The Court concluded that Plaintiff plausibly alleged an Eighth Amendment excessive force claim against Officer A. Anderson and directed service of the complaint.  (ECF Nos. 7-8.)

Although the United States Marshals Service attempted service on multiple occasions,

Officer Anderson has not yet been served.  (ECF Nos. 14, 15, 21-24.)  Plaintiff now moves for leave to file an amended complaint naming Officer Anderson and numerous additional defendants. (ECF No. 27.)

Because no defendant has appeared or filed a responsive pleading, leave to amend is appropriate under Federal Rule of Civil Procedure 15(a)(2).  The Amended Complaint therefore becomes the operative pleading and must be screened under the PLRA.

## II.   LEGAL STANDARD

Under the PLRA, district courts must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The legal standard governing dismissal under the PLRA is the same as that applicable to motions under Federal Rule of Civil Procedure 12(b)(6).  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  To survive screening, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court construes a *pro se* complaint liberally, it need not accept legal conclusions couched as factual allegations.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

## III.   DISCUSSION

### a.  Excessive Force

Plaintiff alleges that, on January 15, 2022, while housed at Northern State Prison, he apologized after Officer Anderson stated that she felt disrespected, posed no physical threat, and stood inside his cell when Officer Anderson ordered the cell door opened, called a "Code 33," and immediately sprayed him in the face with pepper spray.  (ECF No. 27-3 at 2-5.)  Plaintiff alleges that he struck Officer Anderson only after being sprayed and thereafter complied with responding

2

officers' commands. (*Id.*)

These allegations are materially identical to those previously found sufficient by Judge McNulty.  (ECF Nos. 7-8.)  Liberally construed, they plausibly allege that Officer Anderson applied force maliciously and sadistically rather than in a good-faith effort to restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Accordingly, Plaintiff may proceed on his Eighth Amendment excessive force claim against Officer Anderson.

### b.  Supervisory Defendants

Plaintiff also names former Governor Phil Murphy, former Attorney General Matthew Platkin, Commissioner Victoria Kuhn, Administrator Patrick McGill, and Assistant Superintendent Fathom Borg.  (ECF No. 27-3 at 7-11.)

The Amended Complaint alleges, in substance, that these defendants supervised the New Jersey Department of Corrections, oversaw prison operations, or failed to intervene after Plaintiff complained.  (*Id.*)  Plaintiff does not allege facts showing that any supervisory defendant personally participated in the January 15, 2022 incident, directed Officer Anderson's conduct, or implemented a policy that caused the alleged constitutional violation.

Liability under § 1983 may not be predicated solely upon *respondeat superior*. *Iqbal*, 556 U.S. at 676; *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Because Plaintiff alleges only generalized supervisory responsibility and conclusory assertions of knowledge, the Amended Complaint fails to state a claim against these defendants.

### c.  Remaining Individual Defendants

Plaintiff names Officers Judis Fajardo, Troy Holder, Sergeant William Jones, Hearing Officer K. Gonzalez, and Special Investigations Division ("SID") investigators Patrick Sesulka,

Brian Comer, and Mark Brong.  (ECF No. 27-3 at 12-14.)

Apart from identifying these individuals by name and broadly asserting that they violated Plaintiff's constitutional rights, the Amended Complaint contains virtually no factual allegations describing their personal involvement in any constitutional deprivation.

A plaintiff asserting liability under § 1983 must allege each defendant's personal involvement in the alleged wrongs.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Conclusory allegations that defendants participated in wrongdoing are insufficient.  *Iqbal*, 556 U.S. at 678.

Accordingly, the claims against these defendants are dismissed without prejudice.

### d.  Due Process, Equal Protection, and First Amendment Claims

Throughout the Amended Complaint, Plaintiff repeatedly invokes the First, Eighth, and Fourteenth Amendments and alleges that defendants fabricated reports, filed false criminal charges, and violated his due process and equal protection rights.  (ECF No. 27-3 at 1-15.)

These allegations are entirely conclusory.  Plaintiff does not identify a protected liberty interest, explain what procedural protections he was denied, allege facts showing disparate treatment from similarly situated inmates, or plead facts supporting any First Amendment violation.

Likewise, although Plaintiff alleges that reports were falsified and criminal charges were ultimately resolved in his favor, the mere filing of false disciplinary charges, standing alone, does not violate the Constitution where adequate procedural protections exist.  *Smith v. Mensinger*, 293 F.3d 641, 652–53 (3d Cir. 2002).

Because Plaintiff offers only legal conclusions unsupported by factual allegations, these constitutional claims fail to satisfy Rule 8 and *Iqbal*.

**e. John Doe and Jane Doe Defendants**

Plaintiff also names unidentified John Doe and Jane Doe defendants. (ECF No. 27-3 at 14-15.)

While fictitious defendants may be used where their identities are unknown, Plaintiff alleges no facts describing any conduct by these unidentified individuals. Accordingly, the claims against the Doe defendants are likewise dismissed without prejudice.

## IV.    CONCLUSION

Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 27) is **GRANTED**, and Plaintiff may proceed only on his Eighth Amendment excessive force claim against Defendant Officer A. Anderson. All remaining claims and defendants are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order accompanies this Opinion.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**